CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY v.
NIXON GROCERY COMPANY.

HILL, J. 1. "By the act of God is meant any accident produced by physical causes which are irresistible; such as lightning, storms, perils of the sea, earthquakes, inundations, sudden death or illness." *Central Ry. Co.* v. *Hall*, 124 *Ga.* 322, 331 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann. Cas. 128).

2. In an action brought against a common carrier, to recover the value of goods delivered to it for transportation to certain consignees, where the sole defense was that the goods were not delivered because they were destroyed by act of God (an unprecedented flood of water in the Savannah river which inundated and destroyed the goods), the burden was on the carrier to establish not only that the act of God occasioned ultimately the loss, but that the negligence of the carrier did not contribute to it. *Central Ry. Co.* v. *Hall*, supra.

3. In such a case, where the burden of proof was on the carrier, it was a question of fact for the jury to determine, under the evidence and proper instructions of the court, whether or not the carrier was negligent.  There was evidence in this case from which the jury could find that the carrier was negligent.
4. While certain expressions used by the court in defining what is "the act of God," were not altogether accurate, yet, taking the entire instruction together, they do not furnish cause for new trial.

*Judgment affirmed.  All the Justices concur.*
SEPTEMBER 16, 1914.

Action for damages.  Before Judge Hammond.  Richmond superior court.  April 23, 1913.

*William K. Miller,* for plaintiff in error.
*C. Henry & Rodney S. Cohen,* contra.